UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

HEXIN HOLDING LIMITED,

                   Plaintiff,

      v.

SHE CURVE LIMITED,

                   Defendant.

Case No.: 26-cv-04463

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, Hexin Holding Limited ("Plaintiff" or "Hexin"), brings this action against She Curve Limited ("Defendant") for copyright and patent infringement. Defendant, without authorization or license, is making, using, selling, offering for sale, and importing shapewear products bearing Plaintiff's patented design, and is further promoting, selling, offering for sale, and distributing those products bearing Plaintiff's exclusive copyrighted works ("Infringing Products"). Defendant conducts these activities within this District through its e-commerce store and fully interactive commercial website operating under the domain name "shecurve.com".

This action has been filed by Plaintiff to combat e-commerce store operators who copy and trade upon Plaintiff's reputation and goodwill by using Plaintiff's copyright and design patent without authorization. Defendant attempts to circumvent and mitigate liability by operating under one or more Seller Aliases to conceal its identity and the full scope and interworking of its infringing activities. Plaintiff is forced to file this action to protect unknowing consumers from purchasing products over the Internet that are mistakenly believed to emanate from Plaintiff. Plaintiff has been and continues to be irreparably damaged through consumer confusion and dilution of its valuable copyrights and

COMPLAINT                                                         1

patented design as a result of Defendant's actions and seeks injunctive and monetary relief. In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. §§ 1, *et seq.*, 17 U.S.C. §§ 101, *et seq.*, 15 U.S.C. § 1121, 28 U.S.C §§ 1131 and 1338.

2. Defendant is subject to personal jurisdiction in this district, because it directs business activities toward and conducts business with consumers throughout the United States, including within the State of Illinois and this District through, at least, its Internet based e-commerce store and fully interactive website accessible in Illinois and operating under the domain name "shecurve.com". Defendant has targeted sales from Illinois residents by operating its online store that offers shipping to this state, accepts payment in U.S. dollars and, on information and belief, has sold Infringing Products to the residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in Illinois.

3. Venue is proper in this Court pursuant to 28 U.S.C § 1391 since Defendant is, upon information and belief, a foreign entity who is engaged in infringing activities and causing harm within this district by offering to sell, selling, and importing Infringing Products into this District. In addition,

## THE PLAINTIFF

4. Plaintiff, Hexin Holding Limited d/b/a Shapellx, is a corporation organized under the laws of Hong Kong with a principal place of business located at Flat/Rm A30, 9/F Silvercorp International Tower 707-713, Nathan Road, Mongkok, Hong Kong.

5. Hexin is a prominent designer of shapewear for women and distributed its shapewear through the U.S. and the world and built direct-to-consumer global brands (the "Hexin Products"). Plaintiff has over 400 employees working around the world. Hexin is one of the fastest-growing shapewear direct-to-consumer brands in the United States. Hexin offers styles that make women look

and feel confident and aims to build movements around confidence, body positivity messages and women empowerment and has changed the shapewear industry. Hexin is consistently ranked as top seller on online e-commerce platforms.

6.      Hexin is the exclusive licensee of U.S. Copyright Registration Nos. VA 2-374-589 and VA 2-425-484 (the "Copyrighted Works"), including the exclusive right to reproduce, distribute, display the copyrighted works in the United States. Pursuant to a written agreement with the copyrights owner, Hexin has been granted the exclusive right to enforce the copyrighted works, including the right to initiate and maintain actions for infringement and to recover damages for past, present, and ongoing infringement.

7.      True and correct copies of the copyright registrations are attached hereto as **Exhibit 1**. Each registration is valid, subsisting and in full force and effect. Upon information and belief, the effective date of each registration predates the Defendant's acts of copyright infringement. True and correct copies of the exclusive license agreements are attached hereto as **Exhibit 2**.

8.      Among the exclusive rights granted to Plaintiff under the United States Copyright Act are the exclusive rights to reproduce, prepare derivative works, compilations, distribute copies thereof, and display the Copyrighted Works to the public.

9.      Hexin is also the lawful assignee of all right, title and interests in and to the United States Design Patent No. D1,103,575 (the "Hexin Design").  The patent was lawfully issued on December 2, 2025.  Attached as **Exhibit 3** is a true and correct copy of the design patent registration.

10.      Among the rights granted to Plaintiff under United States Code, Title 35 are the exclusive rights to make and use Hexin Design for the benefit of Plaintiff. Plaintiff sells Hexin Products through its own e-commerce stores and licensed retailers, which embody and practice Hexin Design and such Hexin Products have been marked with the patent number pursuant to 25 U.S.C. § 287(a).

COMPLAINT                                                                                                         3

11. Hexin takes protecting its investment in intellectual property seriously and has expended a significant amount of time, millions of dollars in marketing and promoting its shapeware products and has copyrighted and patented over 126 different works related to its shapeware business. As a result, products associated with Hexin Design and the Copyrighted Works are recognized and adored by consumers.

12. The success of Hexin Products is largely due to Hexin's marketing, promotional, and distribution efforts. As a result of Hexin's efforts, the quality of Hexin Products, the promotional efforts for their design, social media coverage, members of the public have become familiar with Hexin Design and the Copyrighted Works and associate them exclusively with Hexin Products.

13. Hexin has made efforts to protect its interest in and to Hexin Design and the Copyrighted Works. No one other than Hexin and its licensees are authorized to manufacture, import, export, advertise, offer for sale, or sell any shapewears bearing Hexin Design or the Copyrighted Works without the express written permission of Hexin.

14. Hexin has lost the control over the Hexin Design and the copyrighted Works and the right to exclude others from making, using, promoting, offering for sale, selling, or importing into the U.S. the Hexin Design and the Copyrighted Works as a result of Defendant's infringement. Due to unfair competition and price erosion caused by Defendant's infringement, Hexin has incurred great loss in terms of sales. Plaintiff has been and continues to be irreparably damaged by the infringement and seeks injunctive and monetary relief.

## THE DEFENDANT

15. On information and belief, Defendant is a business entity located in China and Hong Kong.

16. On information and belief, Defendant regularly conducts, transacts, solicits business, and derives substantial revenue from its business transactions in the U.S. including this District.

Defendant is systematically directing and targeting its business activities at consumers in the U.S., including Illinois, through accounts with online marketplace platforms such as PayPal and Shopify, through which consumers in the United States can view Defendant's merchant storefront that it operates, uses to communicate with Defendant regarding their listings for and to place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including this District, as a means for establishing regular business with the U.S., including Illinois.

17. On information and belief, Defendant is a sophisticated seller, operating at least its domain name "shecurve.com" to advertise, market, promote, distribute, offer for sale, and sell Infringing Products at below-market prices to consumers in this District.

18. Upon information and belief, Defendant accepts payment in U.S. Dollars and offers shipping to the U.S., including to Illinois.

19. Upon information and belief, Defendant is aware of Hexin Products and further knows that the infringing conduct alleged herein is likely to cause injury to Plaintiff.

20. On or about February 24, 2026, Hexin sent a cease-and-desist letter to Defendant via email at support@shecurve.com, the only publicly available contact method listed on Defendant's website. Defendant provided this email address for customer communications, including inquiries regarding orders, shipping, returns and exchanges.

21. Additionally, on or about March 2, 2026, Hexin sent a cease-and-desist letter to Defendant's Chinese supplier/affiliate via text message.

22. On information and belief, Defendant resides and/or operates in foreign jurisdictions with lax intellectual property enforcement systems. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b)(1).

## DEFENDANT'S INFRINGING CONDUCT

23.     The success of Hexin products has resulted in significant theft of Hexin Design and the Copyrighted Works as well as its other intellectual properties. Defendant advertises its shapeware products featuring Hexin Design and the Copyrighted Works to mislead the public that Defendant's products emanate from the Plaintiff. Plaintiff regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. Recently, Plaintiff has identified numerous fully interactive e-commerce stores, including shecurve.com.

24.     Plaintiff has not licensed or authorized Defendant to use any of Hexin Design or the Copyrighted Works, and Defendant is not an authorized retailer of genuine Hexin Products.

25.     On information and belief, Defendant maintains off-shore bank accounts and regularly moves funds from its financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff.

26.     Defendant's infringing activities has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## Design Patent Infringement

27.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

28.     Plaintiff is the lawful assignee of valid and enforceable design patent No. US D1,103,575.

29.     Defendant, without authorization, sells, offers for sale, and/or imports into the United States for subsequent sale or use products that infringe upon the Hexin Design.

30.     Defendant has infringed Hexin Design through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreplaceable harm resulting from the loss of its lawful patent rights to exclude others from making,

using, selling, offering for sale and importing its patented design. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. §283.

31.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. §289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. §284.

## COUNT II
## Copyright Infringement
## (17 U.S.C. §§ 106 and 501)

32.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

33.     Plaintiff is the exclusive licensee of valid and enforceable Copyrighted Works, which contain original works and certain copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

34.     Plaintiff's right includes the exclusive right to reproduce, distribute, display the copyrighted works in the United States. Pursuant to a written agreement with the copyrights owner, Plaintiff has been granted the exclusive right to enforce the copyrighted works, including the right to initiate and maintain actions for infringement and to recover damages for past, present, and ongoing infringement.

35.     Defendant does not have any interest in the Copyrighted Works. Copyrighted Works are published on the Internet and are available to Defendant online. As such, Defendant had access to Copyrighted Works via the Internet.

36.     Without authorization from Plaintiff, or any right under the law, Defendant has deliberately copied, displayed, distributed, reproduced and made derivative works of Copyrighted Works on its e-commerce store. Defendant's derivative works are virtually identical to the look and feel of Copyrighted Works. Such conduct infringes and continues to infringe Hexin's rights in violation of 17 U.S.C. § 501(a) and 17 U.S.C. § 106. Defendant reaps the benefits of the unauthorized

copying and distribution of the Copyrighted Works in the form of revenue and other profits that are driven by the sale of unauthorized products.

37. Defendant has unlawfully appropriated the copyrights by taking material of substance and value and creating Infringing Products that capture the total concept and feel of the Copyrighted Works.

38. On information and belief, Defendant's infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's copyright.

39. Defendant, by its infringing actions, has damaged Plaintiff in an amount to be determined at trial.

40. Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff significant and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of Copyrighted Works.

<b>PRAYER FOR RELIEF</b>

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. making, offering for sale, selling or importing into the United States any products not authorized by Plaintiff that embody or practice Hexin Design;

    b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Copyrighted Works in any manner without the express authorization of Plaintiff;

    c. committing any acts calculated to cause consumers to believe that Defendant's products

are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. further infringing Hexin Design and the Copyrighted Works and damaging Plaintiff's goodwill;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as, but not limited to, PayPal and Shopify (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendant in connection with use of Hexin Design and the Copyrighted Works;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for Defendant's infringement of the Hexin Design, but in no event less than a reasonable royalty, together with interest and costs, pursuant to 35 U.S.C. § 284;

4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the Hexin Design be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

5) Alternatively, that Plaintiff be awarded all profits realized by Defendant from Defendant's infringement of the Hexin Design, pursuant to 35 U.S.C. § 289;

6) As a direct and proximate result of Defendant's willful infringement of Plaintiff's copyrights, Plaintiff is entitled to damages as well as Defendant's profits, pursuant to 17 U.S.C. §504;

7) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

8) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 35 U.S.C. §285; and

9) Award any and all other relief that this Court deems just and proper.

Dated: April 20, 2026                                      Respectfully submitted,

                                                */s/Faye Yifei Deng*
                                                Faye Yifei Deng
                                                YK Law LLP
                                                445 S Figueroa St, Suite 2280
                                                Los Angeles, California 90071
                                                fdeng@yklaw.us
                                                Tel: 213-401-0970

                                                *Attorney for Hexin Holding Limited*

COMPLAINT                                                                            10